## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

MARIANO MOYA and LONNIE PETRY, on behalf of themselves and all others similarly situated,

      Plaintiffs,

vs.                             No. _____

ROBERT GARCIA, Santa Fe County Sheriff, MARK CALDWELL, Warden of Santa Fe County Adult Correctional Facility, MARK GALLEGOS, former Warden of Santa Fe County Adult Correctional Facility, in their individual capacities, and BOARD OF COMMISSIONERS OF SANTA FE COUNTY,

      Defendants.

## CLASS ACTION COMPLAINT
## FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiffs Mariano Moya and Lonnie Petry, by and through their attorneys, Coberly & Martinez, LLLP, bring this Complaint for Damages and Injunctive Relief, on behalf of themselves and all others similarly situated, for being unconstitutionally detained without having their conditions of release set or reviewed within time limits mandated by law.

### JURISDICTION AND VENUE

1.      This suit seeks redress for violations of the United States Constitution under 42 U.S.C. § 1983. This Court's jurisdiction therefore arises under 28 U.S.C. §§ 1331 and 1343.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because all Defendants reside in this district and because all of the events giving rise to Plaintiffs' claims occurred in this district.

## PARTIES

3.      Plaintiff Mariano Moya is an individual who resides in Santa Fe County, New Mexico.

4.      Plaintiff Lonnie Petry is an individual who resides in Santa Fe County, New Mexico.

5.      Defendant Robert Garcia is an individual and a resident of the State of New Mexico. At all times relevant to this Complaint, Defendant Garcia was acting under color of state law as the Sheriff of Santa Fe County.

6.      Defendant Mark Caldwell is an individual and a resident of the State of New Mexico. Since approximately November 2014, Defendant Caldwell has acted under color of state law as the Warden of the Santa Fe County Adult Correctional Facility ("SFCACF").

7.      Defendant Mark Gallegos is an individual and a resident of the State of New Mexico. Between 2012 and 2014, Defendant Gallegos acted under color of state law as the Warden of the SFCACF.

8.      Defendant Board of County Commissioners of Santa Fe County is a governmental entity and local public body. The Board is a "person" within the meaning of 42 U.S.C. § 1983 and, at all times relevant to this Complaint, was acting under color of state law.

## BACKGROUND

9.      New Mexico state law provides pretrial detainees with certain liberty interests protected by the Fourteenth Amendment to the U.S. Constitution.

10.     Article II, Section 13 of the New Mexico Constitution affords criminal defendants a right to pretrial liberty by ensuring that all persons, subject to two narrow exceptions, are entitled to bail by sufficient sureties, and that excessive bail shall not be required. If bailable,

2

district courts may not condition a defendant's release on the posting of a high monetary bond for the purpose of preventing the defendant's pretrial release.

11.     The only persons not entitled to bail under Article II, Section 13 of the New Mexico Constitution are: (1) persons charged with capital offenses where the "proof is evident or the presumption great," and (2) certain persons with prior felony convictions so long as the court enters an order within seven days of incarceration after providing notice and an opportunity to be heard.

12.     Thus, all persons accused of non-capital crimes are entitled to bail under Article II, Section 13 of the New Mexico Constitution if a court has not entered an order denying bail within seven days of incarceration after providing notice and an opportunity to be heard.

13.     Pursuant to NMSA 1978, § 31-1-5, "[e]very accused shall be brought before a court having jurisdiction to release the accused without unnecessary delay."

14.     Pursuant to NMSA 1978, § 31-1-4, "[w]hen a warrant is issued in a criminal action, it shall be directed to a law enforcement officer, and the defendant named in the warrant shall, upon arrest, be brought by the officer before the court without unnecessary delay."

15.     Pursuant to NMSA 1978, § 31-1-3, criminal prosecutions in New Mexico must be conducted in accordance with the New Mexico Rules of Criminal Procedure.

16.     The New Mexico Rules of Criminal Procedure provide the mechanisms through which state actors honor defendants' constitutional and statutory rights to a determination of their conditions of pretrial release from detention.

17.     New Mexico Rule of Criminal Procedure 5-303(A) provides that a defendant facing charges in district court "shall be arraigned on the information or indictment within fifteen (15) days after the date of the filing of the information or indictment or the date of arrest,

whichever is later." At such arraignment, New Mexico Rule of Criminal Procedure 5-303(C) provides that the defendant is entitled to "[a] review of the conditions of release, or setting the conditions of release if they have not been set."

18.     New Mexico Rule of Criminal Procedure 5-401 provides that district courts must release defendants entitled to bail without bond or subject to the least onerous secured bond which will reasonably assure the appearance of the defendant and the safety of any person and the community.

19.     In summary, detainees charged in district courts in New Mexico, other than capital offenders and the narrow group of persons for whom courts have denied bail within seven days of their detention, have a liberty interest in being released pretrial on the least restrictive set of conditions. This liberty interest is effectuated by state law entitling them to an arraignment within fifteen days of their indictment or arrest, at which time conditions for their release must be set or reviewed.

20.     Under New Mexico law, the Santa Fe County Sheriff and the Warden of the SFACF share responsibility for ensuring that persons detained at the SFCACF are brought before a district court within fifteen days of indictment or arrest so that their right to pretrial release is honored.

21.     Both the Santa Fe County Sheriff and the Warden of the SFCACF share personal responsibility for promulgating, implementing, and maintaining policies and procedures on behalf of Santa Fe County to ensure that detainees are brought before a court within fifteen days of arrest or indictment.

22.     The Board of County Commissioners of Santa Fe County is ultimately responsible for ensuring that these policies and procedures are promulgated, implemented, and maintained, and that its employees are properly trained and supervised on such policies.

23.     Defendants have never promulgated, let alone implemented or maintained, any policies or procedures to ensure that persons detained at the SFCACF appear in court within fifteen days of arrest or indictment to have their conditions of release reviewed or set.

## FACTUAL ALLEGATIONS RELATED TO NAMED PLAINTIFFS

24.     On August 14, 2014, a Santa Fe County grand jury indicted Mariano Moya on charges of residential burglary and larceny in case number D-101-CR-2014-00468.

25.     On August 19, 2014, the First Judicial District Court mailed a summons to Mr. Moya ordering him to appear for an arraignment scheduled for August 25, 2014.

26.     Because Mr. Moya did not appear at the August 25, 2014 hearing, the First Judicial District Court, on August 27, 2014, issued a bench warrant for Mr. Moya's arrest. The bench warrant commanded any authorized officer to "arrest Mariano Moya, and bring him forthwith before this court."

27.     On September 15, 2014, Mr. Moya was arrested on the outstanding bench warrant and booked into the SFCACF.

28.     Mr. Moya was not brought before the First Judicial District Court for his arraignment until November 17, 2014—some 63 days after his detention at the SFCACF.

29.     At his arraignment, the First Judicial District Court entered an order setting Mr. Moya's bond at $5,000 secured by a signature, and entered another order directing the SFCACF to release Mr. Moya from custody immediately.

30.     Mr. Moya was unconstitutionally detained by Defendants for at least 48 days.

31.     On June 25, 2015, a Santa Fe County grand jury indicted Lonnie Petry on charges of battery on a peace officer and resisting, evading, or obstructing an officer in case number D-101-CR-2015-00337.

32.     On June 29, 2015, the First Judicial District Court mailed a summons to Mr. Petry ordering him to appear for an arraignment scheduled for July 17, 2015.

33.     Because Mr. Petry did not appear at the July 17, 2015 hearing, the First Judicial District Court, on July 21, 2015, issued a bench warrant for Mr. Petry's arrest. The bench warrant commanded any authorized officer to "arrest Lonnie A Petry, and bring him forthwith before this court."

34.     On July 22, 2015, Mr. Petry was arrested by Santa Fe City Police Officers for unlawfully drinking alcohol in a park and for resisting, evading, or obstructing an officer, and booked into the SFCACF. The Santa Fe City Police officers filed charges related to this incident in Santa Fe Municipal Court.

35.     At the time of Mr. Petry's booking, the SFCACF knew, or should have known, of the outstanding bench warrant issued by the First Judicial District Court.

36.     On July 27, 2015, Mr. Petry was being prepared to be released on the Santa Fe City charges on which he had been booked on July 22, 2015. Shortly before being released, however, a SFCACF or Santa Fe County officer served Mr. Petry with the bench warrant that had been issued by the First Judicial District Court on July 21, 2015. Accordingly, the SFCACF did not release Mr. Petry from the SFCACF on July 27, 2015.

37.     Mr. Petry was not brought before the First Judicial District Court for his arraignment until August 21, 2015—some 30 days after his detention at the SFCACF.

38.     At his arraignment, the First Judicial District Court entered an order setting Mr. Petry's bond at $5,000 secured by a signature, with the conditions that he be placed on GPS and Soberlink monitoring devices. The First Judicial District Court entered a separate order directing Mr. Petry's release from custody on those conditions.

39.     Defendants, working under color of state law, failed to ensure that Mr. Moya and Mr. Petry appeared in district court without unnecessarily delay, and certainly not within 15 days as mandated by New Mexico state law.

40.     Mr. Moya's and Mr. Petry's unlawful detentions were caused by Defendants' policies, practices, and customs.

41.     In fact, Defendants, acting under color of state law, have no policies or procedures in place to ensure that detainees appear for their arraignments in district court within fifteen days of the filing of their indictment or their arrests. Instead, Defendants knowingly and routinely unnecessarily delay detainees' appearance in district court.

## CLASS ACTION ALLEGATIONS

42.     Plaintiffs incorporate by reference the preceding paragraphs as though they were stated fully herein.

43.     This civil action is brought by Mr. Moya and Mr. Petry on their own behalf and on behalf of a class of similarly situated persons pursuant to Fed. R. Civ. P. 23. The class for which Mr. Moya and Mr. Petry seek certification is defined as follows: all persons who, in the period of three years prior to the date of the filing of the Class Action Complaint to the present and continuing until this matter is adjudicated and the practices complained of herein cease, were detained in the SFCACF on indictments or warrants arising out of a New Mexico district court, who were neither capital offenders nor persons for whom the court timely issued an order

denying bail, and who were not brought before a district court within fifteen days of their

indictment or arrest to have their conditions of release set or reviewed.

44.     Mr. Moya and Mr. Petry are members of the class they seek to represent.

45.     The precise size of the class is unknown. Based on Plaintiffs' initial summary

review of publicly available booking and court records, however, it consists of over 150

individuals as of the date of the filing of this Complaint. Thus, the class is sufficiently numerous

that joinder of all members herein is impracticable. The exact number of class members will be

ascertained through appropriate discovery from records maintained by Defendants.

46.     Questions of law and fact are common to the claims of Plaintiffs and the members

of the class, including by not limited to:

    a.   whether Defendants have any policy or practice in place to ensure that detainees
        charged in New Mexico district courts are brought before a judge within fifteen
        days of indictment or arrest; and

    b.   whether the detention of detainees charged in district courts without providing
        them the opportunity appear before a judge within fifteen days of indictment or
        arrest is unconstitutional.

47.     Defendants have acted or refused to act on grounds generally applicable to the

class, thereby making appropriate final injunctive relief or corresponding declaratory relief with

respect to the class as a whole.

48.     There is a well-defined community of interest amongst members of the class. The

claims of Mr. Moya and Mr. Petry are typical of the claims of the members of the class. The

factual bases of Defendants' misconduct are common to all class members and represent a

common policy and practice of failing to ensure that detainees charged in district courts are

afforded an opportunity to promptly appear in court so that they may have conditions for their

release set or reviewed. Moreover, Mr. Moya and Mr. Petry's claims are based on the same legal theories as those of the other class members.

49.     Mr. Moya and Mr. Petry will fairly and adequately protect the interests of the class. They are committed to prosecuting this action, and they have retained competent counsel capable of conducting civil litigation of this nature. Moreover, the interests of Mr. Moya and Mr. Petry are coincident with, and not antagonistic to, those of the other members of the class.

50.     The common questions of law and fact herein predominate over questions affecting any individual class member, and class action treatment provides a superior method for the fair and efficient adjudication of the controversy.

## CAUSES OF ACTION

### Count I: Violations of Procedural Due Process Rights
*(Defendants Garcia, Caldwell, and Gallegos in their individual capacities)*

51.     Plaintiffs incorporate by reference the preceding paragraphs as though they were stated fully herein.

52.     Because detainees charged in New Mexico district courts, other than the narrow group of persons not entitled to pretrial release, are guaranteed the right under state law to have their conditions of release set at the least restrictive level to assure their appearance and the safety of any other person and the community within fifteen days of their indictment or arrest, they have a federally protected liberty interest in this right.

53.     Defendants' failure to ensure that SFCACF detainees appear in district court within fifteen days of arrest or indictment has unconstitutionally caused detainees' the deprivation of this liberty interest.

9

54.     Defendants were and are responsible for holding detainees in confinement, and for promulgating, implementing, and maintaining policies for bringing detainees before the district court to set and review conditions of release.

55.     Defendants have systematically failed to ensure that detainees are brought before a district court within fifteen days, thereby systematically violating detainees their due process rights and proximately causing injury to Mr. Moya, Mr. Petry, and the other members of the class.

56.     Defendants' failure to provide detainees with their constitutionally-protected right to appear before a district court within fifteen days is not reasonably related to any legitimate government goal.

57.     Defendants have, through their actions and policies, intentionally, knowingly, and with deliberate indifference caused Plaintiffs and members of the class to be deprived of their constitutionally protected liberty interests without affording them the process that was due under the circumstances.

58.     Defendants' actions in causing Plaintiffs and the members of the class to be deprived of their clearly established constitutional rights under the Fourteenth Amendment were objectively unreasonable, intentional, willful and wanton, and done in gross and reckless disregard of the rights of Plaintiffs and class members.

59.     As a result of Defendants' unconstitutional actions, Plaintiff and members of the class have suffered damages.

### Count II: *Monell* Liability for Violations of Procedural Due Process Rights
*(Defendants Board of County Commissioners)*

60.     Plaintiffs incorporate by reference the preceding paragraphs as though they had been fully stated herein.

61.     Defendant has a custom or practice of not ensuring that detainees are brought before a district court within fifteen days of their indictment or arrest.

62.     Defendant has failed to train or supervise its employees, despite an obvious need to do so, to bring detainees before a district court within fifteen days of their indictment or arrest.

63.     Defendant has acted with deliberate indifference to the liberty rights of detainees in following its custom/practice and/or in failing to train its employees.

64.     The plainly obvious consequence of Defendant's following its custom/practice and/or failing to train its employees was that detainees would regularly be deprived of their constitutional right to pretrial release.

65.     As a result of Defendant's unconstitutional actions, Plaintiffs and members of the class have suffered damages.

### Count III: Violations of Substantive Due Process Rights
*(Defendants Garcia, Caldwell, and Gallegos in their Individual Capacities)*

66.     Plaintiffs incorporate by reference the preceding paragraphs as though they had been fully stated herein.

67.     Plaintiffs and other similarly situated detainees have a right under the Fourteenth Amendment to be free from deliberate government indifference to their welfare.

68.     Defendants have consistently failed to ensure that detainees are able to appear before a district court within the constitutionally required timeframe.

69.     Defendants have acted with utter disregard in failing to promulgate, implement, and maintain policies ensuring that detainees appear before a district court within fifteen days after indictment or arrest.

70.     Defendants' actions have frequently caused detainees to be held for days, weeks, and even months longer than allowed by law.

11

71.     When detainees are held longer than allowed by law, that fact is obvious to Defendants because Defendants are aware of when detainees were booked and taken into detention. Thus, Defendants' deprivations of detainees' rights are knowing and deliberate.

72.     Defendants' deliberate indifference to the rights of their detainees to appear in district court within the constitutionally mandated timeframe shocks the conscience.

73.     Defendants' actions in causing Plaintiff and the members of the class to be deprived of their clearly established constitutional rights under the Fourteenth Amendment were objectively unreasonable, intentional, willful and wanton, and done in gross and reckless disregard of the rights of class members.

74.     As a result of Defendants' unconstitutional actions, Plaintiffs and members of the class have suffered damages.

### Count IV: *Monell* Liability for Violations of Substantive Due Process Rights
*(Defendant Board of County Commissioners of Santa Fe County)*

75.     Plaintiffs incorporate by reference the preceding paragraphs as though they had been fully stated herein.

76.     Defendant has a custom or practice of not ensuring that detainees are brought before a district court within fifteen days of their indictment or arrest.

77.     Defendant has failed to train or supervise its employees, despite an obvious need to do so, to bring detainees before a district court within fifteen days of their indictment or arrest.

78.     Defendant has acted with deliberate indifference to the liberty rights of detainees in following its custom/practice and/or in failing to train their employees.

79.     The plainly obvious consequence of Defendant's following its custom/practice and/or failing to train its employees is that detainees are regularly deprived of their right to pretrial release.

80.     The fact that detainees are routinely held unconstitutionally for days, weeks, and even months at the SFCACF as a result of Defendant's failures to do anything to ensure the protection of their right to pretrial release shocks the conscience.

81.     As a result of Defendant's unconstitutional actions, Plaintiff and members of the class have suffered damages.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiffs pray for judgment against Defendants as follows:

A.     Injunctive relief requiring Defendants to institute policies to ensure that detainees are always brought before a court within fifteen days after being indicted or arrested on charges arising in New Mexico district courts;

B.     An award for all special, general, and consequential damages incurred, or to be incurred, by Plaintiffs and members of the class as the direct and proximate result of the acts and omissions of Defendants;

C.     An award of punitive damages as allowed by law;

D.     An award of attorney's fees and costs as allowed by law;

E.     Pre- and post-judgment interest as allowed by law;

F.     An award for such other and further relief as the Court may deem necessary and appropriate under the circumstances.

Respectfully submitted,

COBERLY & MARTINEZ, LLLP


*/s/ Todd A. Coberly*
Todd A. Coberly
A. Nathaniel Chakeres
1322 Paseo de Peralta
Santa Fe, NM 87501
(505) 989-1029

*Attorneys for Plaintiffs*